In the Matter of FREDRIK A. HANSEN et al., Individually and as Members of the Fire Department Committee on the Merit System and on Behalf of All Other Nondisabled Veterans on the Promotion List for Lieutenant, Respondents-Appellants, against JAMES S. WATSON et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Appellants-Respondents, and PETER ROMAN et al., Individually and as Members of the Committee to Protect Disabled Veterans of the Fire Department and on Behalf of All Other Disabled Veterans on the Promotion List for Lieutenant, Interveners, Appellants-Respondents.

*Per Curiam.* These appeals involve the question as to whether disabled veterans' preferences were properly given by the municipal civil service commission to three groups of candidates for promotion to the position of lieutenant in the fire department.

As to the first group, the trial court held that they were properly granted preferences or promoted. We affirm that holding without discussion.

As to the second group, the trial court held that they were improperly granted preference or promoted because the single certificate issued by the Veterans' Administration in each case purporting to show a permanent stabilized condition

of war-incurred disability was insufficient to establish that fact within the rule laid down in a prior decision of this court in this litigaton (see *Matter of Hansen* v. *McNamara,* 276 App. Div. 1009). We find that the certificates presented were sufficient. It was not intended by our earlier order that any recertification of permanently stabilized conditions of disability be required. We held that the re-examination of a veteran within the one-year period was not to be required in any case in which a previously issued certificate of the Veterans' Administration established permanent stabilized disability. The difficulty arose in determining what was meant by the words " previously issued ". It was thought below to mean that a certificate was required showing that a prior certificate had established a stabilized condition. This was error. Our order meant a single certificate showing the continuing stabilized condition of disability. Accordingly, we must reverse the order in respect to those in the second group, whom we find properly appointed and dismiss the petition as to them.

This leaves only the question as to the two appointees in the third group. These lieutenants, because of their high position on the civil service list, were appointed before the procedure outlined in our earlier decision had been established. They were appointed in accordance with the rules then prevalent, but the certificates which they supplied were not issued within one year, a requirement laid down later by the courts as to nonpermanently stabilized disabilities. But each of these persons had been receiving and continued to receive disability pensions from the Government allotted only in cases where the disability was 10% and such that it would qualify them for civil service preference under the Constitution and laws of this State. In finding a continuing disability of 10% or more, which included the period in question, the Veterans' Administration was acting within its powers and for the objectives for which it was established by the Federal Government. Aside from whether such payment might sufficiently establish disability to justify the preference granted (see *Matter of Carey* v. *Morton,* 297 N. Y. 361), in any event these two men have since furnished sufficiently recent certificates of their disability issued by the Veterans' Administration. We see no reason why the fact of eligibility should not be deemed established retroactively as these persons were merely victims of their own high standing on the list. We hold that they were properly appointed and reverse the order revoking the grant of preference and promotion to them.

We affirm the final order, insofar as appealed from by petitioners, and reverse the final order, insofar as appealed from by defendants and interveners-defendants; the intermediate order directing trial of the issues herein should be affirmed. Settle order.

Cohn, J. P., Callahan, Van Voorhis, Shientag and Heffernan, JJ., concur.

Order, so far as appealed from by petitioners, unanimously affirmed and the order, so far as appealed from by the defendants and interveners-defendants, unanimously reversed; the intermediate order directing trial of the issues herein unanimously affirmed. Settle order on notice.